```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
```

HOUSTON CASUALTY COMPANY,        )
                                 )
           Plaintiff,            )
                                 )
     v.                          )      1:17CV40
                                 )
THOMAS LINDERMAN GRAHAM, INC.,   )
                                 )
           Defendant.            )

### MEMORANDUM OPINION AND ORDER

THOMAS D. SCHROEDER, District Judge.

Plaintiff Houston Casualty Company ("HCC") brings this action seeking a declaratory judgment that it owes no further duty to defend its insured, Defendant Thomas Linderman Graham, Inc. ("TLG"), in a State court action presently on appeal. TLG now moves to dismiss the complaint, contending that it contravenes a forum-selection clause in the parties' May 1, 2015 settlement agreement ("Agreement") in an earlier duty-to-defend declaratory judgment action by HCC involving the same State court action. The forum-selection clause required any action to enforce the Agreement to be brought in Wake County Civil Superior Court. (Doc. 8 at 1.) For the reasons explained below, the court finds that the Agreement's forum-selection clause does not encompass HCC's present action. TLG's motion to dismiss must therefore be denied.

**I.   BACKGROUND**

Viewed in the light most favorable to HCC, the operative facts

are as follows:

Defendant TLG, a real estate agency, held a professional liability insurance policy with Plaintiff HCC. (Doc. 1 at 8, ¶ 19.) In 2006, the owner of a commercial property in Durham retained TLG to prepare an offering memorandum for prospective purchasers. (Id. at 4, ¶ 12.) Triple Net Properties, LLC, eventually purchased the property and sold fractional interests to a number of parties. (Id. at 4-5, ¶ 12.) The ultimate purchasers sued TLG in 2012, alleging that its memorandum overrepresented the likelihood that existing tenants would renew their leases (and therefore overrepresented the property's value). (Doc. 1 at 5, ¶ 12.)

While that action was pending, HCC brought a declaratory judgment action against TLG in Wake County Civil Superior Court, seeking a declaration that it had no duty to defend TLG in the property owners' lawsuit. (Id. at 11, ¶¶ 25-26; Doc. 10-1 at 4-6.) TLG filed an answer and counterclaims. (Doc. 1 at 11, ¶ 26.) On January 10, 2014, the Superior Court held that HCC had a duty to defend TLG (Doc. 10-1 at 5-6), and on May 1, 2015, HCC and TLG settled their dispute by entering into the Agreement. The Agreement is a short, three-paragraph document that provides principally that each party dismiss all claims against the other with prejudice, agree to adhere to the Superior Court's rulings, and acknowledge that the Agreement would not release any party

from "any potential future contractual duties or obligations which may accrue after April 27, 2015, or any causes of action that arise therefrom." (Id. at 1-7.) The last sentence reads: "Any action to enforce this Agreement shall be filed in Wake County, North Carolina, Civil Superior Court." (Id. at 3.)

Meanwhile, HCC made a settlement offer to the property owners on TLG's behalf in the underlying lawsuit. (Id. at 11, ¶ 29.) The owners accepted the offer, but TLG refused to consent to it. (Id. at 12, ¶ 31.) Thereafter, the court granted TLG's motion for summary judgment and dismissed all the claims then pending. (Doc. 1 at 7, ¶ 16.) The property owners have since appealed that ruling.

In the present case, HCC contends that under the insurance policy, TLG's refusal to consent to the settlement excused HCC from further defending TLG in the action. (Id. at 12, ¶ 33.) HCC therefore seeks a declaratory judgment from this court that it had no duty to defend TLG following TLG's refusal to consent to the settlement.

TLG now moves to dismiss the complaint for improper venue on the basis that the Agreement's forum-selection clause makes venue in this court improper.

**II. ANALYSIS**

    **A. Standard of Review**

A motion to dismiss based on a forum-selection clause is

3

treated as a motion to dismiss for improper venue, pursuant to Rule 12(b)(3). Sucampo Pharm., Inc. v. Astellas Pharma, Inc., 471 F.3d 544, 550 (4th Cir. 2006). "On a motion to dismiss under Rule 12(b)(3), the court is permitted to consider evidence outside the pleadings. A plaintiff is obliged, however, to make only a prima facie showing of proper venue in order to survive a motion to dismiss. In assessing whether there has been a prima facie venue showing, [the court views] the facts in the light most favorable to the plaintiff." Aggarao v. MOL Ship Mgmt. Co., 675 F.3d 355, 365–66 (4th Cir. 2012) (citations omitted).

### B. Scope of the Forum-Selection Clause

#### 1. Choice of Law

"Interpreting a forum-selection clause first requires the court to ascertain what law applies to the contract, because the court must apply that law to decide the scope of the contract's relevant clauses." Generation Companies, LLC v. Holiday Hosp. Franchising, LLC, No. 5:15-CV-220-FL, 2015 WL 7306448, at *4 (E.D.N.C. Nov. 19, 2015) (citing Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Tex., 134 S. Ct. 568, 583–84 (2013)). Here, neither party contends that the Agreement's forum-selection clause is unenforceable;[1] the only dispute is over its scope.

---

[1] "When a forum-selection clause is asserted as the basis for a motion to transfer under § 1404(a), its validity and effect are governed by federal law regardless of the basis for the court's subject-matter jurisdiction." Eisaman v. Cinema Grill Sys., Inc., 87 F. Supp. 2d 446, 448 n.1 (D. Md. 1999) (citing Stewart Org., Inc. v. Ricoh Corp., 487

4

"'[T]he body of law selected in an otherwise valid choice-of-law clause' governs the interpretation of a forum-selection clause." Queen City Pastry, LLC v. Bakery Tech. Enterprises, LLC, No. 5:14-CV-143, 2015 WL 3932722, at *3 (W.D.N.C. June 26, 2015) (quoting Martinez v. Bloomberg LP, 740 F.3d 211, 218 (2d Cir. 2014)) (alteration in original). Here, the Agreement selects North Carolina law (Doc. 10-1 at 2), so the court will apply North Carolina law to determine whether the forum-selection clause encompasses HCC's claims.

### 2. Scope of the Forum-Selection Clause

Under North Carolina law, settlement agreements are construed according to principles of ordinary contract interpretation. ABD Associated, Ltd. v. Am. Tobacco Co., No. 1:91CV415, 2004 WL 1554155, at *3 (M.D.N.C. July 8, 2004) (citing Chappell v. Roth, 353 N.C. 690, 692, 548 S.E.2d 499, 500 (2001)). North Carolina contract law gives words their ordinary meaning, id. at 4 (citing Internet E., Inc. v. Duro Commc'ns, Inc., 146 N.C. App. 401, 405–06, 553 S.E.2d 84, 87 (2001)), and requires courts to interpret "clear and unambiguous" language as it is written, id. (quoting Corbin v. Langdon, 23 N.C. App. 21, 25, 208 S.E.2d 251, 254 (1974)). Cf. Rivera v. Centro Medico de Turabo, Inc., 575 F.3d

---

U.S. 22, 29–31 (1988)). Here, of course, TLG asserts the clause as a basis for a motion to dismiss. Cf. id. at 448-49 (applying State law to a forum-selection clause to decide a motion to dismiss).

10, 19 (1st Cir. 2009) ("[I]t is the language of the forum selection clause itself that determines which claims fall within its scope."). A term is ambiguous if it is "fairly and reasonably susceptible to either of the constructions asserted by the parties." Williams v. Aluminum Co. of Am., No. 1:00CV00379, 2006 WL 2023133, at *2 (M.D.N.C. July 17, 2006) (quoting Glover v. First Union Nat'l Bank of N.C., 109 N.C. App. 451, 456, 428 S.E.2d 206, 209 (1993)), aff'd, 234 F. App'x 73 (4th Cir. 2007). Unambiguous language is interpreted as a matter of law; the meaning of ambiguous language is a question of fact. ABD Associated, Ltd., 2004 WL 1554155, at *4 (citing Taha v. Thompson, 120 N.C. App. 697, 701, 463 S.E.2d 553, 556 (1995)).

The Agreement's forum-selection clause provides: "Any action brought to enforce this Agreement shall be filed in Wake County, North Carolina, Civil Superior Court." (Doc. 10-1 at 2.) The language at issue here is the first clause, "Any action brought to enforce this Agreement." HCC argues that this language is unambiguous and that its present lawsuit does not fall within it. (Doc. 16 at 6.) TLG does not offer an interpretation of this phrase, as such, but necessarily reads it as more expansive.[2]

---

[2] TLG's motion rests largely on the following language from Atlantic Marine Construction Co.: "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." 134 S. Ct. at 581 (footnote omitted). That rule, however, "presupposes a contractually valid forum-selection

6

A term is ambiguous if it is "fairly and reasonably susceptible to either of the constructions asserted by the parties." Williams, 2006 WL 2023133, at *2 (citation omitted). At most, TLG contends that the Agreement incorporated the 2014 summary judgment order that required HCC to continue to defend the underlying action "until all the covered claims were 'finally resolved.'" (Doc. 19 at 1-3.) TLG argues that because the case is on appeal, the action is not finally resolved. (Id. at 3.) From this, TLG concludes, "the duty assumed in [the Agreement] is . . . a central component of the current dispute between the parties." (Id. at 4.) Elsewhere, TLG intonates that it construes the clause to mean that "all further litigation involving the issues at issue should be litigated" in the agreed-upon court. (Id. at 3; see also id. (stating that the agreement "specifically provided that any subsequent actions relating to that matter would be filed in" the selected court).)

HCC acknowledges that its present claims are substantially related to the Agreement but contends that the present action was

---

clause," id. at 581 n.5, and, "by extension[,] . . . a dispute that unquestionably falls within the scope of that contract," Indus. Print Techs. LLC v. Canon U.S.A., Inc., No. 2:14-CV-00019, 2014 WL 7240050, at *2 (E.D. Tex. Dec. 19, 2014). Accord Telesocial Inc. v. Orange S.A., No. 14-CV-03985-JD, 2015 WL 1927697, at *3 (N.D. Cal. Apr. 28, 2015) ("If the claims do not fall within the scope of the forum selection clause, the Court need not reach the forum non conveniens issue, and Orange's lengthy discussion of Atlantic Marine is nothing more than interesting but irrelevant commentary." (citation omitted)). In other words, Atlantic Marine addressed the effects of forum-selection clauses, not their scope.

7

not brought to enforce that Agreement, as required by the plain language of the forum-selection clause. (Doc. 16 at 5.) HCC correctly points out that it has made no allegation that TLG violated any term of the Agreement. (Id.) HCC relies on the Agreement's clear terms, urging the court to "enforce the contract as the parties have made it" and not "remake" it. (Id. at 6 (quoting Wake Cty. Hosp. Sys., Inc. v. Nat'l Cas. Co., 804 F. Supp. 768, 773 (E.D.N.C. 1992), aff'd, 996 F.2d 1213 (4th Cir. 1993)).)

The language in question, "brought to enforce this Agreement," is not "fairly and reasonably susceptible to" TLG's construction. In essence, TLG asks the court to read the phrase "actions brought to enforce the Agreement" to mean "actions of which the Agreement is a central component" or "actions involving the issues the Agreement addressed" or "actions relating to the Agreement." These constructions are substantially broader than the plain language. For an action to be brought "to enforce" the Agreement, the action must in some way rely on the Agreement or allege a violation of its terms. At the very least, such an action must allege facts that, if true, would show that the Agreement was violated or would show that it entitles the claimant to some relief. The language TLG proposes would encompass any action that relates to the Agreement or its underlying terms.

Because the phrase in question is not ambiguous, its meaning is a question of law. As North Carolina law dictates, the court

will accord the phrase its clear, ordinary meaning.  Because only one party has offered a construction of the phrase, and because that construction accords with its plain language, the court will adopt it.

Under the ordinary meaning of the forum-selection provision, it is plain that the action was not brought "to enforce the Agreement."  The Agreement contains seven terms, only three of which could be "enforced."[3]  First, each party was to execute a notice of dismissal with prejudice pursuant to North Carolina Rule of Civil Procedure 41.  (Doc. 10-1 at 1, ¶ 1.)  Second, the parties agree to bear their own costs and expenses.  (Id. at 1, ¶ 2.)  Finally, the parties agree to "follow" the 2014 summary judgment order, which is incorporated into the Agreement by reference.  (Id.)  The only term in the order that would need to be "followed" is its holding that HCC "has a continuing duty to defend the underlying action . . . until all the potentially covered claims are finally resolved."  (Id. at 5-6.)

HCC does not allege that TLG violated any of these terms, nor does it invoke the Agreement for any form of relief.  It does not allege facts that would constitute a violation of the Agreement on TLG's part.  Of course, TLG alleges in a counterclaim that HCC is

---

[3] The other four terms are the forum-selection clause (Doc. 10-1 at 2), the choice-of-law clause (id.), and provisions deeming the settlement agreement's consideration "material" (id. at 1) and recognizing that it does not release the parties from obligations that accrue after April 27, 2015 (id. at 1, ¶ 3).

9

acting in violation of the Agreement's requirement that HCC continue to defend TLG in the underlying action. (Doc. 10 at 12, ¶ 67 ("[TLG] seeks a declaratory judgment declaring that the plaintiff has breached its duty to continue to provide a defense in the underlying action . . . .").) But TLG did not bring this action; HCC did.

The parties negotiated for the settlement agreement "at arms-length" (Doc. 8-1 at 1, ¶ 5 (affidavit of TLG's president, John B. Linderman, Jr.)), and they were free to bargain for any of the terms TLG now proffers. They did not. Rather, they settled on the phrase, "Any action brought to enforce this Agreement." HCC did not bring this action to enforce the Agreement, and HCC's claims will not have the effect of enforcing it. This action therefore falls outside the scope of the forum-selection clause.

### III. CONCLUSION

For the reasons stated, the court finds that this action is outside the scope of the parties' forum-selection clause.

IT IS THEREFORE ORDERED that the motion to dismiss (Doc. 8) is DENIED.

/s/   Thomas D. Schroeder
United States District Judge

July 25, 2017